**HANK v. ADAMS CO. COMMRS.**

Ohio Appeals, 4th Dist., Adams Co.

Decided Nov. 14, 1928.

Lovett, Young & Bush, West Union, for Hank.

W. P. Tucker, Pros. Atty., West Union, for Co. Commrs.

It is admitted that the defective bridge where the injury occurred is on a state highway The Court of Appeals sitting in Allen County has recently held that bridges along and over state highways are a part of such highways, so that our inquiry is limited to the question of liability of the county commissioners for damages growing out of defects on such highways.

**THOMAS, J.**

Since the enactment of the State Code with reference to highways the courts of th state have held almost uniformly that boards of county commissioners are not liable for defects in highways taken over and maintained by the state. The case of **Weiher v. Phillips, 103 O. S. 249,** settles the question. In that case the court say:

"It is universally conceded that the county commissioners can not be held liable in their official capacity for negligent performance of a duty unless such liability is created by statute. The law on the this subject has been repeatedly under discussion in this court and is well settled."

Construing **Section 4208** of the **General Code** which provides that the "board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping such road or bridge in proper repair" the court say:

"Since the enactment of that section a great deal of litigation throughout the different counties of the state has been predicated upon its provisions, and the courts have uniformly recognized the doctrine that those provisions are in derogation of the common law, and that therefore the provisions of the section must be strictly construed and the county commissioners can not be held liable beyond the plain import of its terms."

Construing **Sections 1224, 1230-1, 1230, 7464, 7467, 7209, 7210, 7202, 7204 of the General Code** the court say:

"These sections very clearly place all the control, supervision, maintenance and repair of inter-county and main market roads, otherwise known as state roads, under the exclusive authority and jurisdiction of the state highway commissioners."

On page 256 of the opinion the court say:

"If the board of county commissioners has no duty to perform then there could be no negligence or carelessness charged to the board arising out of the failure of others to perform some duty. If there is no duty there can be no negligence. It is not necessary to resort to a definition of the word 'negligence' because the word is defined in Section 2408 as the failure to keep any such road in proper repair.

In this view of the matter there can be only one conclusion and that is that there was no duty and therefore no negligence; and therefore no liability

on the part of the county commission-ers."

It has been said that "For every wrong there is a remedy", but the remedy in such cases as this one, if there is a wrong, must come from the legislature.

The judgment of the Court of Common Pleas is therefore affirmed.

Middleton, P. J., and Mauck, J., concur.